NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER INGLIEMA | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 05-cv-3497 (DMC) |
| THE TOWN OF HAMPTON, THE TOWN OF FREDON, NEW JERSEY, THE COUNTY OF SUSSEX, AND DETECTIVE KENNETH KUZICKI, JOE KULESA, III, JOHN DOE (1-12), | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Kieran McMorrow and Nadine Sadage (collectively "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

## I.   BACKGROUND

Defendants McMorrow and Sandage are members of the Sussex County narcotics Task Force. Compl. ¶ 6. Plaintiff Peter Ingliema ("Plaintiff") filed a Complaint against several parties, including the instant Defendants, on March 20, 2006. Plaintiff was arrested for the possession and distribution of Marijuana. Compl. ¶12. The Complaint alleges that it was not Plaintiff who engaged in drug transactions, but rather Plaintiff's cousin, who bears the same first name. Compl. ¶ 13.

Dockets.Justia.com

The Complaint alleges that as a result of a reckless and grossly negligent investigation Plaintiff spent several days in prison. Compl. ¶ 14. The Complaint states that in conducting their investigation Defendants were reckless by failing to interview Plaintiff and his girlfriend or securing additional photographs from Plaintiff's family in order to secure his identity prior to arrest. Compl. ¶ 15. Specifically, the Complaint alleges that these Defendants "under Color of law violated the Civil Rights of Plaintiff as protected by 42 U.S.C. § 1983." Compl. ¶ 15. The Complaint does not identify which specific civil rights were violated, rather he repeatedly alleges that the Defendants' conduct violated his constitutional and civil rights. Compl. ¶ 15, 16, 17.

## II.    STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Pleadings in general are a "means to accomplish the end of just judgment." Maty v. Grasselli Chem. Co., 303 U.S. 197, 201 (1938). This requires giving the Defendants "fair notice of the transaction" complained of, and "set[ting] forth the material points necessary to sustain recovery." Menkowitz v. Pottsdown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998). A complaint can be dismissed by motion prior to the filing of a responsive pleading where "it does not state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). If, after viewing the allegations in the

complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with allegations," a court shall dismiss a compliant for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982). A district court may, *sua sponte*, dismiss a complaint under Rule 8(a) if it is "so confused ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). See also Brown v. Califano, 75 F.R.D. 497 (D.C. 1977); Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968); Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965).

Defendants put forth three argument in support of their motion. First, Defendants argue that the Complaint is insufficient because it fails to allege more then negligent investigation. Second, Defendants claim that they are entitled to qualified immunity. Third, Defendants contend that the Complaint failed to satisfy heightened pleading requirements.

## III.    DISCUSSION

Defendants put forth three argument in support of their motion. First, Defendants argue that the Complaint is insufficient because it fails to allege more then negligent investigation. Second, Defendants claim that they are entitled to qualified immunity. Third, Defendants contend that the Complaint failed to satisfy heightened pleading requirements. Upon a review of Defendants' arguments, this Court concludes that it may not dismiss Plaintiffs' Complaint based on any of these grounds. Instead, Plaintiffs' Complaint may properly be dismissed because Plaintiff fails to identify a specific constitutional or federal right upon which relief can be granted.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by . . . the United States Constitution and federal statutes." Baker v.

McCollan, 443, U.S. 137, 145 n.3 (1979).  In order to state a cause of action on a § 1983 claim, a

plaintiff must allege two elements: (1) a violation of a right secured by the Constitution or federal

law; and (2) that the violation of that right was committed by a person acting under the color of state

law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The initial question is whether the plaintiff has alleged

the deprivation of a constitutional right at all.  Donahue v. Gavin, 280 F.3d 371, 378 (3d Cir. 2002)

(quoting County of Sacramento v. Lewis, 523 U.S. 833, 842 n. 5 (1998)).  See also Albright v.

Oliver, 510 U.S. 266, 271 (1994) ("The first step in any such claim is to identify the specific

constitutional right allegedly infringed").  On a Rule 12(b)(6) motion, "[i]f the complaint shows that

the plaintiff has not suffered such a deprivation, the defendant is entitled to dismissal."  Jenkins v.

Medford, 119 F.3d 1156, 1160 (4th Cir. 1997).

It is important to note that "§ 1983 provides a remedy for deprivations of *specific*

constitutional rights, not generalized allegations of constitutional deprivations."  Trautvetter v.

Quick, 916 F.2d 1140, 1148 (7th Cir. 1990) (emphasis in original).  This requirement is not

meaningless, as plaintiffs can find protections against state action in multiple constitutional

provisions or federal statutes.  See John Corp. v. City of Houston, 214 F.3d 573, 577 (5th Cir. 2000)

(noting that "[individuals may look to several constitutional provisions for protection against state

action that results in a deprivation of their property.")  Failure to allege a specific constitutional right

is especially problematic given that the purpose of modern pleading is to "give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355

U.S. 41, 47 (1957). When no specific constitutional right is alleged, the defendant lacks the requisite

notice needed to properly defend against the claims asserted.

Additionally, only once the specific constitutional right is identified can the Court begin to analyze the adequacy of the pleadings. The specific constitutional right alleged established what will be the controlling substantive law. For example, merely alleging a First Amendment violation in a § 1983 claim is not sufficient to state a cause of action. Morris v. Kansas Dep't of Revenue, 849 F. Supp. 1421, 1426 (D. Kan. 1994). To state a retaliation claim pursuant to the First Amendment the complaint must also allege that the plaintiff engaged in constitutionally protected speech and that the retaliation was a result of that speech. Id. Similarly a plaintiff using § 1983 to assert a violation of the Fourth Amendment must plead facts that, if true, would establish a violation of the Fourth Amendment.

Without identifying a specific constitutional right defendants are not properly put on notice of the claims filed against them and courts cannot evaluate the sufficiency of a complaint. For these reasons, "failure to identify a right, privilege or immunity secured by the Constitution that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." Codd v. Brown, 949 F.2d 879, 882 (6th Cir. 1991). See GJR Invs. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("It simply fails to state an equal protection claim . . . The words 'equal protection' do not appear *anywhere* in the complaint.") (emphasis in original); Lyles v. Clinton-Ingham-Eaton Community Mental Health Bd., 35 F. Supp. 2d 548, 552 (W.D. Mich. 1998) (dismissing claim because plaintiff "did not even allege the specific Constitutional right, such as due process or equal protection, upon which he bases his claim").

## IV.    ANALYSIS

Applying these principles to Plaintiff's Complaint, it is clear that Plaintiff has not identified a violation of a specific constitutional or federal right. Instead, Plaintiff's Complaint alleges

constitutional violations in the most amorphous possible terms. In paragraphs 15, 16, and 17 of the

Complaint, Plaintiff alleges that his "constitutional and civil rights" were violated by Defendants'

conduct. Allegations of this sort do not fairly put Defendants on notice of the constitutional

provisions or civil rights they allegedly violated. This is further evidenced by the fact that

Defendants' brief discusses both the Fourth and Fourteenth Amendments. Def. Br. at 8, 12.

Even if this Court were to insert the Fourth or Fourteenth Amendments into Plaintiff's

Complaint in place of "constitutional and civil rights" it would not be able to survive this motion.

In Albright, the plaintiff brought a § 1983 claim against a police officer alleging that the officer had

violated his Fourteenth Amendment rights by instituting an arrest without probable cause. 510 U.S.

at 269. There, the plaintiffs' claim was grounded in notions of substantive due process as opposed

to the Fourth Amendment. Id. at 271. The Supreme Court rejected this claim, holding that "[w]here

a particular Amendment 'provides an explicit textual source of constitutional protection' against a

particular sort of government behavior, 'that Amendment, not the more generalized notion of

'substantive due process,' must be the guide for analyzing these claims.'" Id. at 273 (quoting Graham

v. Connor, 490 U.S. 386, 395 (1989)). The Court found that there is no reason to expand substantive

due process when there is already a specific Amendment that covers the challenged government

conduct. Id. While the plaintiff in Albright, was deprived of a liberty interest, "[t]he Framers

considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address

it." Id. at 274.

The same rationale applies to the substance of Plaintiff's Complaint. Plaintiff only goes so

far as to allege that his constitutional and civil rights were violated. The essence of Plaintiff's

Complaint is that Defendants conducted "a recklessly and/or grossly negligent investigation,

charged, caused to be issued a warrant for arrest, caused to be arrested and incarcerated and subjected

Plaintiff to a criminal legal process."    Compl. ¶ 14.  It therefore seems apparent that Plaintiff's primary contention is that he was unlawfully seized in violation of the Fourth Amendment.

Assuming *arguendo* that Plaintiff's Complaint alleges a Fourth Amendment violation it still fails to state a claim.  In order to survive a motion to dismiss, the Complaint must allege facts that, if true, would be sufficient to establish a violation of the Fourth Amendment.  Decided on similar facts, Baker v. McCollan is instructive.  The plaintiff in McCollan was arrested pursuant to a facially valid warrant.  443 U.S. at 143.  McCollan did not attack the warrant, rather the heart of his claim was "that despite his protest of mistaken identity, he was detained." Id. at 144. The Court noted that while McCollan "was indeed deprived of his liberty for a period of days . . . it was pursuant to a warrant conforming . . . to the requirements of the Fourth Amendment." Id.

Similar to the plaintiff in McCollan, Plaintiff does not allege that the warrant for his arrest was facially invalid.  Instead, Plaintiff asserts that the warrant was issued as a result of a recklessly or grossly negligent investigation.  Compl. ¶ 14.  In order to prevail in a § 1983 action for false arrest made pursuant to a warrant Plaintiff must allege "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).

Plaintiff makes no such allegations in his Complaint.  Instead, Plaintiff charges that prior to the arrest the Defendants should have interviewed Plaintiff, his girlfriend, or his employer to verify his identity.  Compl. ¶ 15.  Moreover, the Complaint asserts that the Defendants should have obtained a photograph from Plaintiff's family to avoid the risk of mistaken identity. Id. Even if Defendants failed to engage in these additional steps, such omissions do not amount to demonstrating "a falsehood in applying for the warrant." Wilson, 212 F.3d at 786.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief could be granted.

## V.    CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.


                                      S/ Dennis M. Cavanaugh

                                      Dennis M. Cavanaugh, U.S.D.J.

Date:           March   28  , 2007
Orig.:          Clerk
cc:            Counsel of Record
                   The Honorable Mark Falk, U.S.M.J.
                   File